**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC**
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114
Andrew C. Stebbins, Esq. (Pro Hac Vice – OH Bar #0086387)
Email: astebbins@bdblaw.com
Tel: 216-736-4233
Fax: 216-736-4233

**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Daniel R. Warner, Esq. (AZ Bar # 026503)
Email: dan@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984

*Attorneys for Plaintiff/Creditor,*
KRISTEN OAXACA

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

JOSE DEANDA,

Debtor.

Case No. 2:25-bk-10983-EPB

**CREDITOR/PLAINTIFF KRISTEN OAXACA'S SUPPLEMENTAL BRIEF**

Creditor/Plaintiff Kristen Oaxaca ("Oaxaca" or "Plaintiff"), by and through undersigned counsel, hereby submits the following Supplemental Brief in accordance with the Court's instructions during the June 23, 2026 hearing and later documented in the Court's Minute Entry entered on June 29, 2026 (Dkt. 28) on Oaxaca's Motion to Reopen Case 2:25-bk-10983-EPB, and, in accordance with the same, submits that this Court should deny the Debtor's request for dismissal of Plaintiff's Adversary Complaint (Dkt. 14), as the Complaint was not untimely.

/ / /

1

## I. Introduction.

Pursuant to the Court's Order following the hearing on Plaintiff's Motion to Reopen, and consistent with the Court's directive that Docket Entry 14 be treated as the adversary complaint for purposes of these proceedings and that Debtor's opposition be treated as a motion to dismiss, Plaintiff submits this supplemental memorandum.

The issue presently before the Court is the legal significance of the February 23, 2026 filing. More specifically, the Court is asked to determine what effect should be given to a complete § 523(a)(6) complaint that was timely filed through CM/ECF, accepted and docketed by the Court, and transmitted to Debtor's counsel through the Court's Notice of Electronic Filing system, but which appeared on the bankruptcy docket rather than under a separately numbered adversary proceeding.

This case does not involve a complaint filed after expiration of the Rule 4007(c) deadline. Nor does Oaxaca seek a retroactive extension of that deadline. The Complaint was filed on February 23, 2026—the deadline itself. The dispute concerns the legal consequences of a filing that unquestionably occurred before the deadline, not whether a filing occurred after it.

The Ninth Circuit's decisions in *Anwar*, *Marino*, *Dominguez*, and *Markus* demonstrate that the relevant inquiry is whether the debtor received fair notice of the claim and whether the filing substantially functioned as a complaint. Under that framework, the February 23, 2026 Complaint cannot reasonably be treated as a nullity. It identified the parties, asserted a claim under § 523(a)(6), set forth detailed factual allegations, requested specific relief, and provided immediate notice to Debtor's counsel through CM/ECF. For the reasons set forth below, the Complaint satisfies Rule 4007(c), and dismissal is therefore unwarranted.

## II. Procedural History

On November 14, 2025, Debtor commenced this Chapter 7 case by filing a voluntary petition. (Dkt. 1)[1]. The deadline to file a complaint under 11 U.S.C. § 523(a)(6) was February

---

[1] Debtor's Opposition (Dkt. 20) incorrectly states the Petition Date as November 14, 2026. (Doc. 20 at 2).

2

23, 2026, pursuant to Rule 4007(c). On February 23, 2026, Plaintiff electronically filed a document entitled: "Complaint of Creditor/Plaintiff Pursuant to 11 U.S.C. § 523(a)(6)" (herein "the Complaint"). The Complaint:

- identified Plaintiff and Defendant;
- alleged jurisdiction and venue;
- asserted a claim under § 523(a)(6);
- contained 62 numbered factual allegations;
- included a prayer for relief; and
- was accompanied by supporting exhibits.

The filing was accepted by CM/ECF and docketed as Docket Entry 14. CM/ECF simultaneously generated a Notice of Electronic Filing served upon Debtor's counsel and other registered recipients. Debtor does not dispute:

- the Complaint was filed on February 23, 2026;
- CM/ECF accepted the filing;
- the filing appeared as Docket Entry 14;
- Debtor's counsel received electronic notice; or
- the Complaint remained publicly visible on the Court's docket before discharge was entered.

The Court entered Debtor's discharge on March 3, 2026. (Dkt. 15). The case was closed on March 11, 2026. (Dkt. 17). Plaintiff thereafter filed the Motion to Reopen. (Dkt. 18). The Debtor opposed Plaintiff's motion, arguing, primarily, that reopening the case would be an exercise in futility as the adversary complaint had not been properly filed, rendering the Complaint untimely.

Following the hearing, the Court ordered that the February 23, 2026 Complaint (Dkt. 14) would be treated as an adversary proceeding and that Debtor's response would be treated as a motion to dismiss the Complaint. (Dkt. 28). By directing that Docket Entry 14 be treated as the operative adversary complaint, the Court has already signaled a substance-over-form

approach consistent with Ninth Circuit precedent and the weight of persuasive authority addressing similar docketing errors.

Accordingly, the question presently before the Court is the legal significance of Docket Entry 14 for purposes of Rule 4007(c) and whether dismissal is warranted notwithstanding its timely filing.

### III. The February 23, 2026 Filing Satisfied Rule 4007(C)

Debtor's position ultimately depends upon the premise that a complete § 523(a)(6) complaint timely filed on February 23, 2026 should be treated as though no complaint was filed at all. The record – and the Court's own Minute Entry – does not support that conclusion.

It is undisputed that Oaxaca filed her Complaint on February 23, 2026, the Rule 4007(c) deadline. It is equally undisputed that the Complaint was accepted by the Court's CM/ECF system, assigned Docket Entry 14, and electronically transmitted to Debtor's counsel through the Court's ordinary noticing procedures. The Complaint remained on the Court's docket before the discharge was entered. Accordingly, this is not a case in which no complaint was filed prior to expiration of the Rule 4007(c) deadline. Nor is it a case in which a complaint was filed after the deadline expired. The only dispute is whether a complaint timely filed on the main bankruptcy docket rather than a separately numbered adversary docket should be treated as a nullity.

Debtor's reliance on *Anwar v. Johnson*, 720 F.3d 1183 (9th Cir. 2013), does not answer that question. In *Anwar*, the creditor failed to complete the filing process before expiration of the Rule 4007(c) deadline, and the complaint was filed after the deadline had passed. The Ninth Circuit therefore addressed whether the bankruptcy court could excuse an untimely filing after the deadline expired. Oaxaca seeks no such relief here. She does not seek an extension of time, equitable tolling, excusable neglect relief, or any retroactive enlargement of the Rule 4007(c) deadline. The Complaint was filed on the deadline itself. Consequently, the issue addressed in *Anwar*—whether an untimely complaint may proceed—is fundamentally different from the issue presently before the Court.

The Ninth Circuit's substantial-compliance cases provide the more appropriate analytical framework. In *Marino*, the Ninth Circuit emphasized that the central purpose of pleading rules is to provide fair notice of the claim being asserted and the grounds upon which it rests. 37 F.3d 1354, 1357-58 (9th Cir. 1994). Likewise, in *Dominguez*, the Ninth Circuit adopted a practical, notice-based approach and found substantial compliance where the debtor received adequate notice of the nondischargeability challenge. 51 F.3d 1502, 1510 (9th Cir. 1995). Those decisions direct the Court's attention to function rather than form.

Under that framework, the February 23, 2026 filing plainly satisfied its purpose. The document was not a motion, memorandum, objection, or miscellaneous pleading. It was a complete complaint entitled "Complaint of Creditor/Plaintiff Pursuant to 11 U.S.C. § 523(a)(6)." It identified the parties, invoked jurisdiction, alleged detailed facts, asserted a specific statutory basis for relief, and sought a determination that the debt was nondischargeable. Debtor's counsel received electronic notice of that filing the same day it occurred. No party could reasonably have misunderstood either the nature of the claim or Oaxaca's intention to pursue a determination of nondischargeability.

The question, therefore, is not whether Debtor received notice. He indisputably did. Nor is the question whether a complaint existed. It indisputably did. The question is whether a complaint that was timely filed, accepted by CM/ECF, docketed by the Court, and electronically served on opposing counsel ceases to exist for purposes of Rule 4007(c) merely because it appeared within the bankruptcy case docket rather than under a separately numbered adversary proceeding. Nothing in Rule 4007(c) compels such a result, and the Ninth Circuit's notice-based authorities support the opposite conclusion.

**IV. In re *Bey* Demonstrates That A Timely Third-Party Complaint Filed In The Main Bankruptcy Case May Constitute A Complaint Sufficient To Defeat Dismissal**

The decision in Castillo-Gonzales v. *Bey* (In re *Bey*) provides persuasive guidance on the precise issue now before this Court. In *Bey*, the creditor filed a document denominated a "Third Party Complaint" in the main bankruptcy case on the Rule 4007 deadline. No

adversary proceeding was opened, no filing fee was paid, no summons was issued, and the filing was procedurally defective. The debtor nevertheless received notice through the court's electronic noticing system. After discharge entered, the debtor moved to dismiss under Rule 12(b)(6), arguing that the filing in the main bankruptcy case did not constitute a valid nondischargeability complaint and therefore failed to satisfy Rule 4007(c). The bankruptcy court rejected that argument.

The court first recognized that Rule 4007(c) and Rule 9006(b) prohibit retroactive extensions of the bar date and that excusable neglect could not be used as a basis to enlarge the filing deadline. Thus, like this case, *Bey* was not resolved through equitable tolling or extension of the deadline. Instead, the court analyzed whether the original filing itself constituted a complaint sufficient to preserve the creditor's rights.

Relying on Ninth Circuit authorities including *In re Marino*, 37 F.3d 1354 (9th Cir. 1994), *In re Dominguez*, 51 F.3d 1502 (9th Cir. 1995), and *In re Markus*, 313 F.3d 1146 (9th Cir. 2002), the court held that the proper inquiry is whether the filing substantially complied with the requirements of a complaint and gave the debtor fair notice of the claim.

The court explained that notice pleading exists to provide a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," and that the most important consideration is the adequacy of notice. Applying that standard, the court concluded that the filing—although placed on the wrong docket and procedurally defective—was sufficient because it clearly informed the debtor that the creditor was objecting to dischargeability and identified the basis for the claim.

Particularly significant here, the *Bey* court held: "Plaintiff's Third Party Complaint is liberally construed and found sufficient to be a complaint, despite the technical defects surrounding the improper filing."

The court further emphasized that debtor's counsel received notice through the court's electronic noticing procedures and therefore suffered no prejudice from the creditor's filing error.

6

Those same considerations are present here. Unlike the filings deemed insufficient in *Marino* and *Markus*, Oaxaca's February 23, 2026 filing was not merely a motion, memorandum, or objection. It was a complete complaint entitled Complaint of Creditor/Plaintiff Pursuant to 11 U.S.C. § 523(a)(6). The Complaint identified the parties, alleged jurisdiction, set forth 62 numbered factual allegations, invoked § 523(a)(6), and requested specific relief. Further, as in *Bey*, Debtor's counsel received immediate notice through CM/ECF when the filing was accepted and docketed.

Debtor attempts to reduce the February 23 filing to a nullity because it appeared on the main case docket rather than in a separately numbered adversary proceeding. *Bey* rejected that form-over-substance approach. The court instead focused on whether the filing functioned as a complaint by providing notice of the claim and its basis. Under that reasoning, the February 23, 2026 Complaint is more than sufficient.

While *Bey* ultimately involved a later-filed adversary complaint, the decision remains instructive because the court first addressed the threshold question presented here—whether the timely-filed Third Party Complaint itself was sufficient to function as a complaint for purposes of Rule 4007(c). The Court's present order directing supplemental briefing likewise places the focus on the legal significance of the February 23, 2026 filing. Thus, the substantial-compliance and notice analysis employed in *Bey* is directly relevant to the issue now before the Court.

Accordingly, *Bey* confirms that a timely-filed complaint should not be treated as a nullity merely because it was placed on the main bankruptcy docket rather than under a separately numbered adversary proceeding, where the complaint provided clear notice of the creditor's nondischargeability claim and the debtor received electronic notice prior to discharge.

**V.     Courts Confronting Similar Filing Errors Consistently Focus Upon Notice Rather Than Procedural Labels**

The result urged by Debtor is also inconsistent with the treatment given by courts confronting similar procedural defects. While these decisions are not binding, they are

persuasive because they address the precise practical problem presented here: whether a creditor who timely files a nondischargeability pleading should lose substantive rights because the pleading appeared in the wrong procedural vehicle.

Courts addressing that issue have generally focused on whether the debtor received timely notice of the claim rather than whether the creditor perfectly complied with every procedural requirement associated with commencing an adversary proceeding. See *In re Carter*, 516 B.R. 638, 641–43 (Bankr. D.N.M. 2014) (declining to dismiss § 523 action where creditor filed a motion rather than a complaint and holding that the relevant inquiry was whether the filing provided notice of the claim and its basis); *In re Rutherford*, 427 B.R. 656 (Bankr. S.D. Ohio 2010) (permitting reopening so that a deficient nondischargeability complaint could proceed as an adversary proceeding); *Estate of Hildreth v. Dunaway (In re Dunaway)*, 346 B.R. 449, 455–56 (Bankr. N.D. Ohio 2006) (declining to dismiss where complaint was filed in the main bankruptcy case rather than a separately opened adversary proceeding); *In re Cietek*, 390 B.R. 773, 777 (Bankr. N.D.N.Y. 2008) (declining to penalize creditor for filing a complaint in the wrong place); *In re Calinoiu*, 431 B.R. 121, 123–25 (Bankr. W.D. Pa. 2010) (treating complaint filed in the main bankruptcy case as timely).

Although the precise procedural facts differ, these decisions reflect a common principle: where a creditor timely files a pleading that clearly functions as a nondischargeability complaint and the debtor receives notice of the claim before the applicable deadline, courts generally refuse to elevate filing mechanics over the substance of what was actually filed.

That principle applies with particular force here. Oaxaca did not file a motion, memorandum, objection, or informal correspondence. She filed a complete § 523(a)(6) complaint. The Complaint identified the parties, invoked jurisdiction, alleged detailed facts, and requested a determination of nondischargeability. The Court's CM/ECF system accepted the filing and transmitted notice to Debtor's counsel. Under those circumstances, the persuasive weight of authority supports treating the filing according to what it was—a complaint—not according to where it happened to appear on the docket.

8

## VI. *Costello* Does Not Require Dismissal

Debtor relies heavily on In re *Costello*, 675 B.R. 914 (Bankr. C.D. Cal. 2026). *Costello* is neither binding nor dispositive.

Most importantly, *Costello* arose in a materially different procedural posture. There, the creditor filed a complaint on the main bankruptcy docket on the deadline date and then opened a separate adversary proceeding and filed a second complaint the following day. The court therefore analyzed whether the later-filed adversary complaint was timely under Rule 4007(c). That is not what happened here.

Oaxaca relies upon no later-filed complaint. The only complaint at issue is the Complaint filed on February 23, 2026. Indeed, for purposes of the present proceedings, this Court has directed that Docket Entry 14 be treated as the adversary complaint and that Debtor's opposition be treated as a motion to dismiss. Accordingly, the question before this Court is not whether a subsequently filed adversary complaint may be deemed timely. Rather, the question is what legal effect should be given to the February 23, 2026 filing for purposes of Rule 4007(c).

*Costello* also acknowledged contrary authority, including *In re Bey*, but dismissed *Bey* in a footnote because *Bey* did not discuss *Anwar*. Respectfully, *Bey* and *Anwar* addressed different issues. *Anwar* involved a complaint filed after expiration of the Rule 4007(c) deadline. *Bey* involved a complaint filed before the deadline but on the wrong docket. The present case falls squarely within the latter category.

Most significantly, the Court's present procedural posture raises the same threshold issue examined in Bey—namely, what legal effect should be given to a pleading timely filed on the main bankruptcy docket that otherwise functions as a nondischargeability complaint. *Costello* treated the failure to open a timely adversary proceeding as dispositive. Here, for purposes of the present proceedings, the Court has directed that the February 23, 2026 Complaint be treated as the adversary complaint and that Debtor's opposition be treated as a motion to dismiss. The Court's order directing supplemental briefing places squarely before the Court the legal significance of the February 23, 2026 filing for purposes of Rule 4007(c).

9

Ultimately, neither *Costello* nor *Bey* is binding on this Court. The question is not which case controls, but which line of reasoning is more consistent with the governing principles articulated by the Ninth Circuit and the practical realities presented by this record.

On that point, the reasoning in *Bey* is more persuasive. *Bey* analyzed the issue through the lens of Ninth Circuit substantial-compliance jurisprudence, including *Marino*, *Dominguez*, and *Markus*, and focused on whether the filing functioned as a complaint and provided fair notice of the claim. *Costello*, by contrast, elevated the procedural mechanics of opening an adversary proceeding above the substance of the filing itself.

Moreover, *Bey*'s reasoning is consistent with the overwhelming weight of persuasive authority addressing similar filing errors. Courts confronting timely-filed nondischargeability pleadings that appeared in the wrong procedural vehicle have generally focused on whether the debtor received notice of the claim and whether the substance of a complaint was timely presented. See *Carter*, *Rutherford*, *Dunaway*, *Cietek*, and *Calinoiu*, supra. Each reflects the common-sense proposition that a creditor who timely files a complaint should not forfeit substantive rights because of a procedural filing defect that does not create uncertainty as to the nature of the claim asserted.

If this Court must choose between those competing approaches, *Bey* is the better-reasoned decision and the one more consistent with both Ninth Circuit notice-based pleading principles and the broader consensus of authority.

### VII. Conclusion

The February 23, 2026 Complaint was filed before expiration of the Rule 4007(c) deadline. It was accepted by the Court's CM/ECF system, assigned a docket number, placed on the Court's docket, and transmitted to Debtor's counsel through the Court's Notice of Electronic Filing system. Debtor received notice of the nondischargeability claim before discharge entered. No party could reasonably have misunderstood either the nature of the claim or Oaxaca's intent to pursue a determination of nondischargeability. This case therefore does not involve a complaint filed after expiration of the Rule 4007(c) deadline. It involves

a complaint filed on the deadline itself and appearing on the main bankruptcy docket rather than under a separately numbered adversary proceeding.

Treating the timely-filed Complaint as void would disserve judicial economy, waste the parties' and the Court's resources on what is essentially a ministerial docketing issue, and cause unnecessary prejudice to Oaxaca while providing no legitimate benefit to Debtor, who had full notice. The Ninth Circuit's notice-based authorities, together with the reasoning of *Bey*, support treating the February 23, 2026 filing according to its substance rather than its docket designation. By contrast, Debtor's position would require the Court to conclude that a complete complaint, timely filed, accepted by CM/ECF, and electronically served on opposing counsel must nevertheless be treated as though it never existed. Rule 4007(c) does not require that result.

For those reasons, Oaxaca respectfully requests that the Court deny Debtor's motion to dismiss, permit Docket Entry 14 to proceed as the operative adversary complaint, and grant such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of July 2026.

**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC**

By: /s/ *Andrew C. Stebbins*
Andrew C. Stebbins, Esq. (Pro Hac Vic*e)*)

*Attorneys for Creditor/Plaintiff Kristen Oaxaca*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered for electronic filing via the CM/ECF system. The below were served via the Court's CM/ECF system (electronic service):

Patrick F Keery
KEERY MCCUE, PLLC
6803 E Main Street, Suite 1116
Scottsdale, AZ 85251
Ph: 480-478-0709
Fax: 480-478-0787
pfk@keerymccue.com
Mthompson@ecf.courtdrive.com
2624@notices.nextchapterbk.com
mat@keerymccue.com
*Attorney for Debtor Jose Deanda*

Brian J. Mullen
PO Box 32247
Phoenix, AZ 85064
Ph: 602-283-4468
bmullen@ecf.axosfs.com
*Trustee*

U.S. Trustee
Office Of The U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003
USTPRegion14.PX.ECF@USDOJ.GOV
*U.S. Trustee*

By: /s/ *Andrew C. Stebbins*
Andrew C. Stebbins, Esq. (Pro Hac Vic*e*)

*Attorney for Creditor/Plaintiff Kristen Oaxaca*
4937-0390-5216, v. 1